## REAGAN *v.* MABRY.

EVIDENCE. *As to contradictory statements by witness.* When a witness has been asked as to contradictory statements which he neither admits nor denies, evidence of such statements is admissible. Such evidence is admissible not as a contradictory statement, as there is no apparent contradiction where the witness says he does not remember to have made the statement; but the evidence is admissible because the imparted statement, when proved, may be such as to amount to a direct contradiction of the witness, and may convince the jury that the witness did not speak the truth in saying he did not remember making the statement.

### FROM KNOX.

Appeal from the Circuit Court.

BAXTER & SON for Reagan.

No counsel for Mabry.

TURNEY, J., delivered the opinion of the court.

This case conclusively illustrates the truth of the rule as contended for by Mr Philips in his work on Evidence, vol. 2, 959–60, in which he says: "If a witness, say all the elementary books, has been asked as to contradictory verbal statement, which he neither admits or denies, it seems doubtful whether evidence of the statement is admissible."     .     .     .

Park, B., admitted the evidence, Tindal, C. J., and Lord Abinger, C. B., excluded it at *nisi prius.*

"The ruling of Park, B., appears to be the most

Reagan *v.* Mabry.

sound and fittest to be followed.   It is true the proof of the statement imputed to the witness, which he says he does not remember to have made, is not admissible as a contradictory statement, for until further inquiry is made there is no apparent contradiction; but still it seems the evidence should be admitted, for the imputed statement, when proved may be such as to amount to a direct contradiction of the witness, and may also possibly convince the jury that the witness did not speak the truth in saying he did not remember making the statement.

"If the rule were otherwise it might happen that under the pretence of not remembering, a witness who has made a false statement, and who knows it to be false, would escape contradiction and exposure."

This rule of evidence, which is so completely founded in reason and common sense, was violated in the rejection of the testimony Claig.

Reverse the judgment.